Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| Chanda Nicole Heimbaugh <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br><br> Citrus County Florida Dept of Health <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 5:23-W-282 BJD PRL <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☑Yes ☐No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Chanda Heimbaugh |
| Street Address | 7270 S Eastlake Dr |
| City and County | Floral City    Citrus |
| State and Zip Code | Fl    34436 |
| Telephone Number | (352) 400-7886 |
| E-mail Address | dcinverness@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name — *Citrus County Florida Dept. of Health*

    Job or Title *(if known)*

    Street Address — *3700 W Sovereign Path*

    City and County — *Lecanto    Citrus*

    State and Zip Code — *Fl 34461*

    Telephone Number — *(352) 527-0068*

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Citrus County Fl Dept of Health |
| Street Address | 3700 W Sovereign Ryl |
| City and County | Locanto   Citrus |
| State and Zip Code | Fl 34436 |
| Telephone Number | (352) 527-0068 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✓]    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ]    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[✓]    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ]    Other federal law *(specify the federal law)*:

[ ]    Relevant state law *(specify, if known)*:

[ ]    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☒    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☒    Retaliation.

☐    Other acts *(specify)*: _____

(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
_7/13/2017, 12/21/2017   1/8/2018_

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race    _was not given fair treatment like non black employees_

☐    color    _____

☐    gender/sex    _____

☐    religion    _____

☐    national origin    _____

☐    age *(year of birth)*    _____    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*
_Chemical sensitivity exacerbated by purposeful diffusing of essential oils and spray aerosols._

E.    The facts of my case are as follows.  Attach additional pages if needed.

III. A. Termination on January 8,2018 was discrimination based because proper procedures were not followed when disciplinary action was sought. I had no knowledge that I had been allegedly accused of violating work policies and was not given the opportunity to defend myself. There were non black employees who were allegedly accused of violating the same policy and only received oral reprimand and was informed and had opportunity to defend themselves.

Failure to accommodate disability- I have chemical sensitivity to fragrances, aerosols and cleaning sprays. After supervisor received knowledge of my condition an email was sent asking that not fragrances be sprayed or diffused. A coworker disregarded email and continue to diffuse essential oils and spray aerosols intentionally and willfully every time to my recollection during the month of October 2017  when I would show up for work. When reported to supervisor no action was taken. I was subjected to weeks and weeks of this which made me physically sick each day I was at work.

Retaliation- Retaliatory acts from Cynthia Johnson and Juliann Velez after Cynthia received discipline for her actions of harassing me finally after the other employees non black spoke up about her actions in the work place. She blamed me and retaliated by setting me up by providing false accusation and planted evidence and with Juliann Velez providing false accusations that led to filing a Disciplinary Action Report December 21, 2017. Juliann provided false accusations because she received correction on her management style, that she expressed to me that she was not happy about.  I had no knowledge of these accusation there was no investigatory interview that took place for me to defend myself which then in hand led to my termination on January 8, 2018.

III E-

The facts of my case summarized from the EEOC report: I have been employed with the above-named Defendant since August 2005 with my last position as a Breastfeeding and Peer Coordinator. Starting on or about 2015, when Cynthia Johnson (white) started her employment, she subjected to me to continual bullying and racial harassment. I constantly reported this behavior and asked for meetings with Human Resources to address this situation to my Supervisor, Julianne Velez (Hispanic); however, nothing was ever done. In April 2017, there was an incident between Cynthia Johnson and a client. Despite the fact, I was not present and that I took steps to keep a possible future meeting between Cynthia Johnson and the client from happening, I and to my knowledge no one else, was written up. Furthermore, the only other black female in the office, that Cynthia Johnson also harassed and bullied, was terminated about this incident. On or about October 2017, my co-workers reported her behavior to Human Resources and an investigation was launched in which I submitted a statement. On or about December 16, 2017, my supervisor informed me that she was getting in trouble for her lack of action and that she was going to allow Cynthia Johnson to take the day off from clinic to build a case against me. On December 19, 2017, Human Resources informed us that the allegations had been investigated and handled. The next day, Cynthia Johnson started her same behavior and Julianne Velez moved me to a different location with a farther driving time. Shortly thereafter, Julianne Velez accused me of security breaches and on January 8, 2018, I was terminated.DISCRIMINATION STATEMENT:  I believe I was harassed and discriminated against due to my Race, Black, and retaliated against for reporting it in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC conducted a thorough investigation and made a determination in my favor. Based on the position statement from the Citrus County Florida Department of Health there is clear evidence of retaliation and

1

discrimination and unfair treatment. The Discplinary Action report that was submitted clearly shows proper procedures were not followed.  The report is based off of lies and exaggerated falsehoods from former supervisor Juliann Velez, of incidents that never happened.(Attachment X). In addition (Attachment G) is Cynthias Johnsons write up that she blamed me for and gave her motive and reason to set me up and retaliate. It also indicates the level of unprofressionalism that was tolerated and a slap on the wrist was given even though she exemplefied volatile behavior. She was allowed to defend herself against all her accusations. However I was not and had no knowledge that I was accused of comitting workplace violations.

Included in the position statement was the incident in April 2017 that I was written up for but was not a part of. (Attachment H). The Incident report lists those who were involved my name is not listed but yet I'm disciplined for something I was not a part of. (Attachment I). In addition that incident shows a clear pattern of unfair treatment toward black employees. The black employees receive harsher discipline. Myself written up for something I wasnt a part of and another fellow coworker who is a black female was fired.(Attachment J) The other non black employees 2 received no discipline and 2 received documented oral reprimands. (Attachment N & O) The pattern also shows that the black employees when receiving discipline always have other other incidents coupled with their consequences while the non black employees do not have other things coupled but their discipline is based soley on the incident and not other factors which is clearly seen in the write ups of (Attachment P & Q).

Disability claim stems from my chemical sensitivities. I am allergic to all fragrances, aerosols, scented oils. Coworkers started diffusing essentail oils and wearing them. My allergies were excaberated I tried to deal with it at first but it got to the point physical harm was occuring. My throat would close up, my eyes would swell. I would get dizzy and disoriented and it was majorly impairing me from doing my job. I spoke up about my condition to Juliann who at first did take steps. She submitted me for FMLA which I

2

wasnt sure why because I did not need special allowances for medical leave of any sort.  Then she sent an email to everyone to be mindful of fragrances. Everyone respected the email except coworker Cynthia who continue to diffuse the fragrances to the pont that I was not functioning at work. I reported to Juliann Velez that Cindy is still continuing to diffuse. Nothing was done and I continued to suffer for weeks and weeks until finally my team spoke up because I could no longer take it or function. It also was reported that Cindy would go all day and not diffuse it but as soon as I entered the premises she would diffuse her oils knowing that it affected my health and well being. Which I took this as harrassment and bullying.

**FLORIDA DEPARTMENT OF HEALTH**
**WEST CENTRAL FLORIDA REGION HUMAN RESOURCES**
**DISCIPLINARY ACTION REQUEST (DAR)**

X

**DATE:**     12-21-2017

**TO:**     Labor Relations, West Central Florida Region (Pinellas County)

**FROM:**     Supervisor Name: Juliann Velez

**SUBJECT:**     Disciplinary Action Request

---

**DIRECTIONS:**

1. *Complete Page 1 and 2 of this form.*
2. *Route this form via email through your local supervisory approval chain for review/ approval.*
3. *Email this COMPLETED form, along with any supporting attachments (emails, memos, notes, etc.) to Labor Relations Consultant.*

*Process: Labor Relations (LR) will review DAR and attachments, contact supervisor for additional information as necessary, add HR recommendation, and submit to Legal / Health Officer for review and approval. Once approved, LR will draft necessary disciplinary memorandums, and email to supervisor for delivery.*

## A. EMPLOYEE / SUPERVISOR DATA:

Employee Name: Chandra Haimbaugh          Employee Class Title: OPS Human Services Counselor I

Supervisor Name: Juliann Velez          Supervisor Class Title: Senior Public Health Nutritionist Supervisor

Supervisor Phone: 352-513-6052

## B. VIOLATION/ PERFORMANCE DEFICIENCY:

Answer the following questions regarding the employee's recent infraction/ performance concern:
*Please do not include client names as part of your documentation, use client initials instead.

1. What was the problem or violation?  Chandra Haimbaugh left the drawer in her desk opened, after leaving for the day, which contained many documents with client information and copies of photo IDs on 12/20/2017.

   *(Provide a summary in paragraph format that includes specific details and dates as appropriate- who,* — NO summary where, what, how, why, when, and witnesses.)— who reported desk drawer provided, General — witnesses?
2. What specific rule, policy, or procedure was violated?  DOHP 50-10.2-16- Information Security and Privacy Policy 2: Acceptable Use and Confidentiality Agreement
   *(e.g. "HIPAA law, annual performance expectations, established office procedures regarding X.")*

3. How and when was the employee notified of this rule or expectation?  Completion of FDOH Refresher Training on 8/24/2017; FDOH Information Security and Privacy Awareness on 9/1/2017; email sent to all WIC staff on 12/11/17 regarding "Securing Your Confidential Information"; and reminder on WIC Staff Meeting on 12/19/2017.
   *(e.g. "signed for rules on X/XX, received reminder email on X/XX, team meeting on X/XX.")*

4. How did their action/ violation negatively impact the organization?  Chandra put WIC client's privacy at risk by leaving her desk drawer unlocked being that a contracting company comes to the building after-hours to clean.
   *(e.g. "this excessive absenteeism has had a negative impact on patient care and co-worker workload".)*

*never happen I share my office X*

5. On what date did you speak with the employee about this issue? On 12/7/2017 it was brought to my attention from another employee that Chandra left her desk drawer unlocked (located in Inverness WIC) and it contained client information. I privately spoke with Chandra (who was in Lecanto for the day and never stopped by the Inverness clinic that day), to remind her to lock up her drawers before she leaves, as it is a great security concern. On 12/11/17 I sent out and email to all staff emphasizing the importance of protecting client information and reminding staff to lock all drawers or cabinets that contain confidential information and make sure they keep their computers locked when they step away from their desk.

On 12/20/17 during a separate conversation, I saw Chandra leaving the copier to give one of the breastfeeding peer counselors (that was going to be working from home) a caseload which contained client IDs, names and phone numbers. Before she gave it to the employee, I stopped her and reminded her that documents that contained client information could not leave the building, unless we had a secured bag. I suggested to Chandra, that she email the caseload or share it on the OneDrive with the breastfeeding peer counselor.

*never happed*

(***STOP!** If you haven't asked the employee for their side of the story, or discussed corrective action steps with them, go complete this **critical** step now before completing this form!***) — *never approched me*

6. When you discussed the issue with them, what was the employee's response? Per our conversation on 12/7/17 Chandra agreed that privacy security was very important and stated that she always locks up her drawers before she leaves for the day. She didn't acknowledge any wrongdoing, and agreed that a reminder email would address any concerns.

In response to my conversation with Chandra on 12/20/17, Chandra giggled and stated that she forgot that she was not allowed to let client information leave the building. She agreed to email the other employee the caseload.

*why would I giggle* *Never happed*

*Been on job for almost 13 years would not fused HiPAA*

(Did they acknowledge wrongdoing? Did they agree to improve their performance up to standards or did they indicate that they will do nothing?)

7. When discussing, what specific instructions did you provide the employee so they can improve? See email addressed to WIC staff on 12/11/2017 titled "Securing Your Confidential Information".
(State the action steps you provided the employee, or clarified expectations you set for them to follow.)

8. What proof, evidence, or statements did your investigation produce? While following up on compliance, it was evidenced by photos that client information was not being handled according to policy.

(Written statement from employee? Witnesses? -Can be included as attachments)

9. *(If applicable)- If the employee was previously warned about this performance deficiency/ a similar violation, how and when were they notified? Chandra was involved in another incident that could have led to a HIPAA violation. Part of the corrective action was for her to complete the FDOH Information Security and Privacy Awareness on 9/1/2017 (see attachment for certificate of completion). *this Incident I reported myself, and was told it was not a HiPAA violation.*
(e.g. "performance deficiencies discussed in one on one meeting on X/XX, received email documenting our conversation on X/XX".) *I was not told to do the training. I chose to do it on my own as my own refresher,*

10. *(If applicable)- What additional coaching/ training have you provided this employee while assisting them with this performance issue? See response to question 9.

(e.g. "received additional training on X from employee X on X/XX, supervisor provided side by side coaching on X subject on X/XX".)

## C.  INVESTIGATORY INTERVIEW:

An investigatory interview (to obtain information regarding an alleged offense) should be conducted when management needs to determine if disciplinary action is appropriate. *Reminder- investigatory interviews

require: A. 1-hour minimum employee notification prior, B. employee notification that interview could result in disciplinary action, and C. employee statement (or supervisor written summary of employee statement).

Was an Investigatory Interview conducted?         Yes ☐    No ☐

X

If yes, is the employee's written statement or a supervisor summary of the employee's statement attached?    Yes ☐    No ☐

This never happened

I was never told I committed HIPAA violations Never given opportunity to defend myself.

**D. DISCIPLINE LEVEL REQUESTED:**

☐ Oral Reprimand        ☒ Written Reprimand        ☐ Suspension

☐ Career Service Dismissal    ☐ OPS/ SES Dismissal    ☐ Probationary Dismissal

**E. LOCAL APPROVAL:**

This form does not require actual, scanned signatures.

*Best Practice: Expedite process by forwarding Supervisor/ Director "approved" response via email to Human Resources.*

1. _____    Date: _____
   Immediate Supervisor Signature

2. _____    Date: _____
   Reviewing Supervisor Signature

3. _____    Date: _____
   Division Director Signature

Based on falsehoods in this DAR Report led to my termination.

Proper procedures were not followed. When reviewing this report. Evidence clearly shows discrimination/slander) and defamation of myself and my name. I also

*Side not my office is a shared office any WIC employees had access to the keys. I also office and left unlocked. However I was to only left an hour before everyone could have used be accused of leaving drawers unlocked. I'm black/so I I believe its because I must be the one guilty of leaving it unlocked. No one else was accused.

H

09 06 /7

# INCIDENT REPORT
**MAY CONTAIN INFORMATION EXEMPT FROM PUBLIC DISCLOSURE, MUST OBTAIN SUPERVISORY APPROVAL PRIOR TO PUBLIC RELEASE**

(Please type or print legibly)



Florida HEALTH

**TRACKING NUMBER:**
Workers Comp
Claim Number
(if assigned)

☐ INITIAL REPORT          ☐ ADDENDUM

(See instructions and DOH Policy 5-6-14 for definitions and additional reporting information)

## I. CATEGORY:  (Mark the most appropriate category)

**CATEGORY ONE**
(non-serious incidents)

*This Incident Report form and all handling of this incident will remain at the local level with NO need to notify the Office of Inspector General or Executive Office Staff.*

☒ Minor Disputes/Altercations  (no physical harm)
☒ Minor disruptive behavior affecting Department operations
☐ Non-serious Accident/Injury/Illness  (including slips, trips, falls, etc.) *
☐ Medication/Dispensing error - no adverse consequences  (fill out Section IV)

☐ Other:  (provide brief description below)

**CATEGORY TWO**
(serious incidents)

☐ Alleged Abuse/Neglect
☐ Major Dispute/Altercation/Fighting  (including assault/physical harm) *
☐ Serious Accident/Injury/Illness *
☐ Contraband/Drugs/Alcohol
☐ Theft/Vandalism/Damage
☐ Medication/Dispensing error with adverse consequences (fill out Section IV)
☐ Explicit or implied threat towards a person or property

☐ Breach of protected health information (PHI)
☐ Breach of personal identifiable information (PII) or other information authorized to be protected from public disclosure
☐ Breach/violation of information security policies (non-confidential)
☐ Other:  (provide brief description below)

**PLEASE ANSWER** Does incident involve information technology equipment and/or resources (may include loss or damage to client information or DOH data)?
☐ YES  ☐ NO   If yes, the incident must ALSO be IMMEDIATELY reported verbally to the Office of Information Technology at (850) 922-7599.

* **ALL** work-related injuries to DOH employees must be reported on a Workplace Accident Report (Form DH-4093-HAD-2014 or current equivalent) and for workers' compensation purposes per DOH Policy 60-25-14 (or current equivalent).  Automobile accidents must be reported on "Automobile Accident Report" form DH-361 (Rev. 01/03 or current equivalent)

## II. IDENTIFYING INFORMATION

**Nature of incident:** CLIENT THREATENING TPD          **Law Enforcement Involved?** ☒ Yes ☐ No
**Office Name:** WIC OFFICE
**Street Address:** 120 N. MT MONTGOMERY AVE.          **City:** INVERNESS
**Date of Incident:** 4-18-17    **Time of Incident:** [circled]    ☒ A.M ☐ P.M.   **Building:**
**Location of Incident:** CITRUS CO.HD/INVERNESS/120 N. MAIN          **Incident occurred:** ☒ Inside ☐ Outside

## III. PARTICIPANTS & WITNESSES:   (Mark all that apply)

| Name | Telephone # | Client | Employee | Visitor | Victim | Witness |
|---|---|---|---|---|---|---|
| MELISSA KELLY | (352) 501-8737 | ☐ | ☒ | ☐ | ☐ | ☒ |
| NEYRLY NOURARIVERA | (352) 444-9983 | ☐ | ☒ | ☐ | ☐ | ☒ |
| VANESSA DeJESUS | (352) 255-8249 | ☐ | ☒ | ☐ | ☐ | ☒ |
| MARY PARKS | (352) 777-2433 | ☐ | ☒ | ☐ | ☐ | ☒ |
| N WILBY C JOHNSON | (352) 274-0318 | ☒ | ☐ | ☐ | ☒ | ☐ |
|  |  | ☒ | ☐ | ☐ | ☐ | ☐ |

1

**Mission:**
To protect, promote & improve the health
of all people in Florida through integrated
state, county & community efforts.

**Florida HEALTH**

**Rick Scott**
Governor

**Celeste Philip, MD, MPH**
State Surgeon General and Secretary

**Vision:** To be the Healthiest State in the Nation

## MEMORANDUM

**DATE:**     June 13, 2017

**TO:**        Chandra Haimbaugh, OPS Human Services Counselor

**FROM:**    Merton J. Rashley, Asst. County Health Department Director

**SUBJECT:**  OPS- Written Reprimand

This is an official written reprimand for:

Specifically, on 4/18/2017, an irate client threatened a co-worker with physical violence, needed to be escorted out, and required a call to the sheriff's office. You spoke with this client during her visit, and learned that she planned to attend a community event scheduled later that day- where the co-worker she just threatened would also be in attendance. Despite recognizing this potentially volatile situation, you did not bring these concerns to management's attention so that proactive steps could be taken to avoid an unnecessary confrontation during the event. Your negligence/ failure to exercise due care unnecessarily placed your co-worker's (and other attendees') safety at risk.

In a separate matter, on 6/12, you failed to follow established procedures when you failed to notify your supervisor that you were going to be late. On this day, I arrived at your workstation at 11am (your scheduled start time) looking to meet with you. After waiting 20+ minutes, I left and asked to be notified when you arrived. I later learned that you arrived 45 minutes after your scheduled start time, without notifying your supervisor. Failure to follow established work schedules/ absence without authorized leave are violations of DOH policy.

Please be advised, further violations of the disciplinary standards will likely result in dismissal.

Assistance is available through our Employee Assistance Program (EAP) at 1-844-208-7067.

Please let me know if you have any questions concerning this matter.

I acknowledge that the above document has been discussed with me and that I have received a copy of this same document.

_____                    6/13/17
Employee's Signature                              Date

cc: Personnel File
    Darrell Pfalzgraf, HR Manager
    Beverly Diehr, Chief Legal Counsel

**Florida Department of Health**
In Citrus County
3700 W. Sovereign Path
Lecanto, FL 34461-8071
Phone: 352.527.0068  Fax: 352.620.7565

**PHAB**  **Accredited Health Department**
Public Health Accreditation Board

**Rebuttal to June 13, 2017 Reprimand**

On 6/13/2017 I received a written reprimand for two different actions. Although I signed it clarification of action needs to be attached to the reprimand in my personnel file. I was written up for failure to notify my supervisor that I would be late to work on June 12, 2017. The failure to notify my supervisor was because my brother in law passed away on Sunday June 11, 2017. Due to being grief stricken day, night, and carried over to the next day which was Monday, and trying to console my sister lost track of time and neglected to notify my supervisor that I would be late to work. I am a firm believer in being accountable for my actions. That was an oversight on my part and I accept the reprimand for that.

That being said I do not agree with the first part of the reprimand. The first part of the reprimand states that on April 18, 2017 I failed to warn coworker Cindy Johnson, of a potential volatile situation and by doing so put Cindy in danger. That was not the case. I took steps to warn Cindy of a potentially dangerous situation that might occur by attending the event where the confrontational client would be. The client asked after having an altercation with Cindy was it ok for her to attend an event open to the community. I as well as Vanessa Dejesus told her it's a community event and anyone can go. At that current time I was not thinking about who was going to be working the event.

I left to set up for the event a couple of hours later. While setting up I explained to two of my coworkers, Robin Chisman and Alice Wheeler, we had a client that was confrontational at work today with Cindy and she said she would be coming to the event. I told them I would point her out in case she came to the booth still upset wanting to start problems. It was at that time that Robin brought it to my attention that Cindy was supposed to work that shift of the event. Realizing that there could be a possible situation I said since we had forgot a few items I would go back to the office and pick them up and while I was there I would let Cindy know that the client was going to be there and she needs to find out if she should still go.

Once I got to the office Cindy was seeing a client with door closed. I didn't have much time because I had to find a few items and get back down to the event quickly. So WIC procedure is if someone is seeing a client tell the HSS and they will relay the message to whomever it needs to go to. So I quickly told the two Inverness WIC HSS Mary Parks, and Vanessa Dejesus that the client that was irate earlier was going to be at the shower and to please let Cindy know to check to see if she should still go or not. I did not notify a supervisor because I trusted that Cindy would speak to the supervisor when she got the message. Then I left and went back to the event. Cindy never showed so I assumed that the message got to her and I assumed the situation was handled. I didn't do any follow up with Mary or Vanessa to find out if they told her or not.

**Rebuttal to Reprimand ctd**

It is very disheartening and emotionally distressful to me to be written up for not taking any action to stop coworker Cindy from entering into a potentially dangerous situation. When clearly listed above are the steps that I took to warn her of the danger. I felt that at that time I did the right thing and took the necessary steps to try to eliminate danger for Cindy and prevent a possible volatile situation.

Chandra Haimbaugh                                                                      6/14/17

EO #1805001
EEOC#511-2018-01733
Anne L. Murphy
5



**Please respond in detail to the entire allegations. Include pertinent dates and any supporting documentation.**

No record of discipline pertaining to being assigned to another site in personnel file. Sometime around October 6, 2017 Chandra was assigned to the Lecanto office for Certified Lactation Services, because the staff at that site were not certified yet, but I believe it was a brief period for coverage.

8. The Complainant alleges that she and Mary Parks were the only ones to be fired leaving no black employees in the section.

**Please respond in detail to the entire allegations. Include pertinent dates and any supporting documentation.**



True, currently 7 white females, and 3 hispanic females are employed in the WIC unit. However, all parties involved were disciplined according to their conduct: Chandra Haimbaugh, Black, OPS Oral Reprimand changed to a Written Reprimand after arriving tardy on the day Reprimand was being delivered, Failure to Follow established procedures/ Failure to follow work schedule/Unauthorized Leave.(Attachment I)
Vanessa DeJesus, hispanic, Oral Reprimand (Attachment N); Cynthia Johnson, white, Oral Reprimand (Attachment O); Mary Parks, black, combined with a violation of HIPPA incident on 5/5/17 Dismissal - Failure to Complete Probationary Period (Attachment J). 2 employees were black, 1 hispanic, and 1 white.
On 5/5/17, another situation arose regarding a security HIPPA violation.
Dorothy Marshalsea, white, Oral Reprimand (Attachment P); Freda Dunn, white, Oral Reprimand (Attachment Q). Two white employees were disciplined first occurence and Ms. Parks was terminated. It was a combination of both incidents that led to a recommendation for dismissal for Ms. Parks. Race was not a factor.

9. The Complainant alleges that she had an opportunity for a promotion, but she was set up to fail because Cynthia was allowed to be an interviewer during her interview for the position. She told Juliann that she did not want Cynthia there because she would not be treated fairly, but Juliann said that Cynthia had to be fair and could not be bias.

**Please respond in detail to the entire allegations. Include pertinent dates and any supporting documentation.**

During this time the WIC Department was undergoing a restructuring to have a supervisor at both locations in Citrus County. A new position was reclassified to an Operations & Management Consultant I, see position Description - SES (Attachment R). The advertisement was put on People First and advertised as Internal Agency Only from 09/07/17 - 09/13/17 (Attachment S) Because this was a supervisory position, the employee



**Mission:**
To protect, promote & improve the health
of all people in Florida through integrated
state, county & community efforts.

**Rick Scott**
Governor

**Celeste Philip, MD, MPH**
State Surgeon General and Secretary

Vision: To be the Healthiest State in the Nation

## MEMORANDUM

**DATE:**     June 9, 2017

**TO:**     Vanessa De Jesus, Health Support Specialist

**FROM:**     Merton J. Rashley, Asst. County Health Department Director

**SUBJECT:**     Oral Reprimand

---

This is to document that on this day you received an oral reprimand for:

Conduct Unbecoming a Public Employee, DMS Rule 60L-36.005(3)(f)

The disciplinary standards set forth in Rule 60L-36.005(3), Florida Administrative Code, provide for the following:

(f) Conduct Unbecoming a Public Employee. Employees shall conduct themselves, on and off the job, in a manner that will not bring discredit or embarrassment to the state.

1. Employees shall be courteous, considerate, respectful, and prompt in dealing with and serving the public and co-workers.

2. Employees shall maintain high standards of honesty, integrity, and impartiality. Employees shall place the interests of the public ahead of personal interests. Employees shall not use, or attempt to use, their official position for personal gain or confidential information for personal advantage.

3. Employees shall protect state property from loss or abuse, and they shall use state property, equipment and personnel only in a manner beneficial to the agency.

    Oral reprimand to dismissal.

This action is being taken in accordance with Section 110.227, Florida Statutes; Rule 60L-36.005, Florida Administrative Code; and the Department of Health's Discipline Policy, DOHP 60-8.

Specifically, on 4/18/2017, an irate client threatened a co-worker with physical violence, needed to be escorted out, and required a call to the sheriff's office. Later that day, you engaged in an

---

**Florida Department of Health**
In Citrus County
3700 W. Sovereign Path
Lecanto, FL 34461-8071
Phone: 352.527.0068  Fax: 352.620.7565

**Accredited Health Department**
PHAB Public Health Accreditation Board

Page 2

unprofessional conversation with a co-worker focused around the potential of a physical conflict between this client and the co-worker she threatened, at a community event scheduled later that day. This inappropriate conversation was witnessed by co-workers who described comments that eagerly anticipated a conflict, such as "there might be a fight", "someone is going to get beat down", and "are you taking your camera"?  This unbecoming, discourteous behavior caused dissention and created a disruption to the workplace.

It should be mentioned that you later raised these concerns to management's attention, which allowed the agency to take proactive steps to avoid an unnecessary confrontation from occurring during the event.

If further violations occur, more severe disciplinary action may be taken up to and including dismissal.

Assistance is available through our Employee Assistance Program (EAP) at 1-844-208-7067.

Please let me know if you have any questions concerning this matter.

I acknowledge that the above document has been discussed with me and that I have received a copy of this same document.

_____                    ___6/9/17___
Employee's Signature                                         Date

cc:  Personnel File

**Mission:**
To protect, promote & improve the health
of all people in Florida through integrated
state, county & community efforts.



**Rick Scott**
Governor

**Celeste Philip, MD, MPH**
State Surgeon General and Secretary

**Vision:** To be the Healthiest State in the Nation

## MEMORANDUM

**DATE:**     June 9, 2017

**TO:**     Cynthia Johnson, Senior Public Health Nutritionist

**FROM:**     Merton J. Rashley, Asst. County Health Department Director

**SUBJECT:**     Oral Reprimand

This is to document that on this day you received an oral reprimand for:

Negligence, DMS Rule 60L-36.005(3)(b)
Conduct Unbecoming a Public Employee, DMS Rule 60L-36.005(3)(f)

The disciplinary standards set forth in Rule 60L-36.005(3), Florida Administrative Code, provide for the following:

(b) Negligence. Employees shall exercise due care and reasonable diligence in the performance of job duties.

Oral reprimand to dismissal.

(f) Conduct Unbecoming a Public Employee. Employees shall conduct themselves, on and off the job, in a manner that will not bring discredit or embarrassment to the state.

1. Employees shall be courteous, considerate, respectful, and prompt in dealing with and serving the public and co-workers.

2. Employees shall maintain high standards of honesty, integrity, and impartiality. Employees shall place the interests of the public ahead of personal interests. Employees shall not use, or attempt to use, their official position for personal gain or confidential information for personal advantage.

3. Employees shall protect state property from loss or abuse, and they shall use state property, equipment and personnel only in a manner beneficial to the agency.

Oral reprimand to dismissal.

**Florida Department of Health**
In Citrus County
3700 W. Sovereign Path
Lecanto, FL 34461-8071
Phone: 352.527.0068  Fax: 352.620.7565

**Accredited Health Department**
PHIAB Public Health Accreditation Board



Page 2

This action is being taken in accordance with Section 110.227, Florida Statutes; Rule 60L-36.005, Florida Administrative Code; and the Department of Health's Discipline Policy, DOHP 60-8.

Specifically, on 4/18/2017, a client became irate, verbally abusive, and threatened you with physical violence. Other co-workers intervened, escorted the client out of your office, and de-escalated the situation once you and the client were separated. Co-workers shared with this client the WIC "Rights and Obligations" and advised her that WIC benefits could be suspended for discourteous/ abusive behavior. The client apologized for her behavior and began to cry.

While co-workers were still speaking with the client, you approached the front to re-engage this client who threatened you earlier. Witnesses stated that you approached her and "started arguing again" and "spoke to the client again which ended in tears". Another back and forth exchange between you and the client ensued, she apologized to you, and you stated, "I don't accept your apology." Co-workers requested that you both stop the argument, asked you to step back, and escorted the client out. When asked about this matter, you acknowledged returning to the front, but claimed that you never spoke with the client, "turned and left" as soon as she spoke to you. However, all the witnesses interviewed (who observed this disruptive 2nd altercation) contradicted your version of these events and each confirmed that you did engage the client after the matter was de-escalated.

Your statement explained that "the client weighs 261 pounds and was violent enough to have the deputy sheriff at her house this morning." Your decision to re-approach and re-engage this volatile client was careless, created a disruption to the workplace, and unnecessarily placed your own and your co-worker's safety at risk.

If further violations occur, more severe disciplinary action may be taken up to and including dismissal.

Assistance is available through our Employee Assistance Program (EAP) at 1-844-208-7067.

Please let me know if you have any questions concerning this matter.

I acknowledge that the above document has been discussed with me and that I have received a copy of this same document.

Employee's Signature

Date 6/9/2017

cc: Personnel File



**Mission:**
To protect, promote & improve the health
of all people in Florida through integrated
state county & community efforts.

**Rick Scott**
Governor

**Celeste Philip, MD, MPH**
State Surgeon General and Secretary

**Vision:** To be the Healthiest State in the Nation

## MEMORANDUM

**DATE:**     June 14, 2017

**TO:**       Dorothy Marshalsea, Health Support Specialist

**FROM:**     Sandra Child, Community Health Nursing Supervisor

**SUBJECT:**  Oral Reprimand

---

This is to document that on this day you received an oral reprimand for:

Negligence, DMS Rule 60L-36.005(3)(b)
Violation of Law or Agency Rules, DMS Rule 60L-36.005(3)(e)

The disciplinary standards set forth in Rule 60L-36.005(3), Florida Administrative Code, provide for the following:

(b) Negligence.  Employees shall exercise due care and reasonable diligence in the performance of job duties.

Oral reprimand to dismissal.

(e)  Violation of Law or Agency Rules.  Employees shall abide by the law and applicable rules and policies and procedures, including those of the employing agency and the rules of the State Personnel System.  All employees are subject to Part III of Chapter 112, Florida Statutes, governing standards of conduct, which agencies shall make available to employees.  An agency may determine that an employee has violated the law even if the violation has not resulted in arrest or conviction.  Employees shall abide by both the criminal law, for example, drug laws, and the civil law, for example, laws prohibiting sexual harassment and employment discrimination.

Oral reprimand to dismissal.

This action is being taken in accordance with Section 110.227, Florida Statutes; Rule 60L-36.005, Florida Administrative Code; and the Department of Health's Discipline Policy, DOHP 60-8.

Specifically, on 5/5/2017, you failed to follow proper procedures regarding confidential patient information when you informed a co-worker that her brother was in the clinic waiting room seeking service.  In a written statement, you acknowledged telling this co-worker that "he was never on the

---

**Florida Department of Health**
In Citrus County
3700 W Sovereign Path
Lecanto, FL 34461-8071
Phone: 352.527.0068  Fax: 352.620.7565



**Accredited Health Department**
Public Health Accreditation Board

Page 2

phone, he was here in the office". After speaking to her brother, this co-worker went back to medical records, where you then sought her out 2 more times to provide updates regarding her brother's care.

Confidential patient information must be protected at all times, and shared only with a job related "need to know". Your actions were violations of DOH policy and HIPAA law. This critical matter requires your immediate attention to remedy.

If further violations occur, more severe disciplinary action may be taken up to and including dismissal.

Assistance is available through our Employee Assistance Program (EAP) at 1-844-208-7067.

Please let me know if you have any questions concerning this matter.

I acknowledge that the above document has been discussed with me and that I have received a copy of this same document.

Employee's Signature                     Date

cc:  Personnel File



**Mission:**
To protect, promote & improve the health
of all people in Florida through integrated
state, county & community efforts



**Florida HEALTH**

**Vision:** To be the Healthiest State in the Nation

**Rick Scott**
Governor

**Celeste Philip, MD, MPH**
State Surgeon General and Secretary

## MEMORANDUM

**DATE:** June 20, 2017

**TO:** Freta Dunn, Health Services Representative

**FROM:** Merton J. Rashley, Asst. County Health Department Director

**SUBJECT:** Oral Reprimand

This is to document that on this day you received an oral reprimand for:

Negligence, DMS Rule 60L-36.005(3)(b)
Violation of Law or Agency Rules, DMS Rule 60L-36.005(3)(e)

The disciplinary standards set forth in Rule 60L-36.005(3), Florida Administrative Code, provide for the following:

(b) Negligence. Employees shall exercise due care and reasonable diligence in the performance of job duties.

Oral reprimand to dismissal.

(e) Violation of Law or Agency Rules. Employees shall abide by the law and applicable rules and policies and procedures, including those of the employing agency and the rules of the State Personnel System. All employees are subject to Part III of Chapter 112, Florida Statutes, governing standards of conduct, which agencies shall make available to employees. An agency may determine that an employee has violated the law even if the violation has not resulted in arrest or conviction. Employees shall abide by both the criminal law, for example, drug laws, and the civil law, for example, laws prohibiting sexual harassment and employment discrimination.

Oral reprimand to dismissal.

This action is being taken in accordance with Section 110.227, Florida Statutes; Rule 60L-36.005, Florida Administrative Code; and the Department of Health's Discipline Policy, DOHP 60-8.

Specifically, on 5/5/2017, you failed to follow proper procedures regarding confidential patient information when you informed a co-worker about her brother's (presenting patient) medical condition. You acknowledged calling this co-worker, but denied sharing any confidential information with her. You explained in a written statement that you "heard the name of the victim and thought the victim had

**Accredited Health Department**
Public Health Accreditation Board

Page 2

next of kin that was employed here", called her to "verify she was next of kin and possibly get contact information". However, this patient and co-worker have different last names, and the co-worker's statement confirmed that you did inform her about his medical condition.

Confidential patient information must be protected at all times, and shared only with a job related "need to know". Your actions were violations of DOH policy and HIPAA law. This critical matter requires your immediate attention to remedy.

If further violations occur, more severe disciplinary action may be taken up to and including dismissal.

Assistance is available through our Employee Assistance Program (EAP) at 1-844-208-7067.

Please let me know if you have any questions concerning this matter.

I acknowledge that the above document has been discussed with me and that I have received a copy of this same document.

_Refused to sign_
**Employee's Signature**

_7/20/17_
**Date**

cc: Personnel File

Don't agree

G

**Mission**:
To protect, promote & improve the health
of all people in Florida through integrated
state, county & community efforts.

**Florida HEALTH**

**Rick Scott**
Governor

**Celeste Philip, MD, MPH**
Surgeon General and Secretary

**Vision**: To be the Healthiest State in the Nation

## MEMORANDUM

**DATE:**    December 19, 2017

**TO:**    Cynthia Johnson, Senior Public Health Nutritionist

**FROM:**    Juliann Velez, Senior Public Health Nutritionist Supervisor

**SUBJECT:**    Written Reprimand

---

This is an official written reprimand for:

Conduct Unbecoming a Public Employee, DMS Rule 60L-36.005(3)(f)

The disciplinary standards set forth in Rule 60L-36.005(3), Florida Administrative Code, provide for the following:

(f) Conduct Unbecoming a Public Employee. Employees shall conduct themselves, on and off the job, in a manner that will not bring discredit or embarrassment to the state.

1. Employees shall be courteous, considerate, respectful, and prompt in dealing with and serving the public and co-workers.

2. Employees shall maintain high standards of honesty, integrity, and impartiality. Employees shall place the interests of the public ahead of personal interests. Employees shall not use, or attempt to use, their official position for personal gain or confidential information for personal advantage.

3. Employees shall protect state property from loss or abuse, and they shall use state property, equipment and personnel only in a manner beneficial to the agency.

    Oral reprimand to dismissal.

This action is being taken in accordance with Section 110.227, Florida Statutes; Rule 60L-36.005, Florida Administrative Code; and the Department of Health's Discipline Policy, DOHP 60-8.

This reprimand is based on the following information:

On 10/3/2017, a patient was forced to wait 33 minutes to be seen by you, despite being the only client in the office. Q Flow records confirmed this wait time. Multiple witnesses stated that after arriving for

---

**Florida Department of Health**
In Citrus County
3700 W Sovereign Path
Lecanto FL 34461-8071
Phone 352 52 0068 Fax 352 620 7565


**Accredited Health Department**
Public Health Accreditation Board

Page 2

work, you frequently make patients wait extended periods of time until you are ready to see them. When asked about this incident, you explained, "Clients are told that their appointments will take approximately 1 hour" and "Q flow is not working correctly, so the records may not be accurate, garbage in garbage out."

On 10/6, a co-worker approached you asking to speak with you before lunch. You ignored her, and walked past her, without responding. Subsequently, this employee and another co-worker sought you out to discuss an email that caused conflict earlier. When employee respectfully clarified her intentions, you became rude and adversarial responding. "I hear what you are telling me but I don't believe what you're saying." Your unprofessional conduct was witnessed by a co-worker. When asked about this incident, you denied any wrongdoing and explained, "I didn't have time to speak with her" and "I don't remember if I said that." Management has received multiple complaints regarding your adversarial, aggressive, and confrontational behavior.

On or around 10/9, you referred to co-workers as "little bitches" while speaking to another co-worker. Your unprofessional conduct was witnessed by multiple co-workers. When asked about this incident, you denied any wrongdoing and explained, "I don't trust anyone I work with. They talk about other people all the time." Management has received multiple complaints regarding your use of profanity.

On or around 10/10, during women's health move you slammed your door shut when you felt the staff moving was making too much noise. Your unprofessional conduct was witnessed by multiple co-workers. When asked about this incident, you acknowledged slamming the door (once, inadvertently) after they were "being very loud, and you asked them to be quiet." Other co-workers have witnessed and you slamming doors on several other occasions.

On 10/11, a client at front asked how much longer the wait would be, and you replied "you're next". As client turned to walk away, you angrily flipped your middle finger at the client hidden behind a file chart. Your unprofessional conduct was witnessed by multiple co-workers. When asked about this incident, you denied any wrongdoing.

On 10/19, you confronted a co-worker who was humming and demanded, "you're annoying all of us and I want you to stop." Your unprofessional conduct was witnessed by multiple co-workers. When asked about this incident, you denied any wrongdoing and explained, "I was trying to work. I went to her and respectfully asked her to stop". "Asking a co-worker to stop singing or humming. when it can be heard all over the office, is only confrontational if that person thinks they should be allowed to sing at work."

Despite repeated requests from management, you were unable to provide witnesses to any of the above incidents that could corroborate your version of the events, or refute these numerous accounts of your unprofessional behavior. Employees are expected to remain courteous, respectful, and professional at all times. Disruptive, rude, or unbecoming behavior will not be tolerated.

If further violations occur, more severe disciplinary action may be taken up to and including dismissal.

Assistance is available through our Employee Assistance Program (EAP) at 1-844-208-7067.

Please let me know if you have any questions concerning this matter.

I acknowledge that the above document has been discussed with me and that I have received a copy of this same document.

_____          12/19/17
Employee's Signature                      Date

cc:  Personnel File

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

April 26, 2014

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*  2/6/23.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

V- Relief-

Based on EEOC determination in my favor a conciliation meeting was scheduled an agreement was not reached because Florida Department of Health will not aknowledge discrimination. Even though based on all of the evidence provided which is clear and consise and points in the direction of retaliation and discrimination admittance has not happened. I have suffered emotional distress, signs of PTSD, harm to my physical health,, and livelihood diminished. Im seeking Back Pay and Future Pay in the amount of $65,000, Reimbursement of Valic benefits $8,300, Reimbursement for education for credential no longer valid- $5,700, Pain and suffering, punitive damages, and emotional distress- $125,000- Total amount $204,000.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   5/3/23

Signature of Plaintiff

Printed Name of Plaintiff   Chandre M Heimbaugh

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

January 26, 2023

Ms. Chandra Haimbaugh
7270 S. Eastlake Dr.
Floral City, FL  34436

Re:  EEOC Charge Against Citrus County, Florida Dept. of Health, et al.
No. 511201801733

Dear Ms. Haimbaugh:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Tampa Area Office, Tampa, FL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Tampa Area Office, EEOC

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

January 26, 2023

Ms. Chandra Haimbaugh
7270 S. Eastlake Dr.
Floral City, FL  34436

Re:  EEOC Charge Against Citrus County, Florida Dept. of Health, et al.
     No. 511201801733

Dear Ms. Haimbaugh:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:  Title I of the Americans with Disabilities Act of 1990,  42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Tampa Area Office, Tampa, FL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    Kristen Clarke
                    Assistant Attorney General
                    Civil Rights Division

            by      /s/ Karen L. Ferguson
                    Karen L. Ferguson
                    Supervisory Civil Rights Analyst
                    Employment Litigation Section

cc: Tampa Area Office, EEOC



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Tampa Field Office**

501 East Polk Street: Room 1000
Tampa, FL 33602
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Tampa Status Line: (866) 408-8075
Tampa Direct Dial: (813) 228-2310
TTY (813) 225-7025
FAX (813) 228-2841

EEOC Charge No: 511-2018-01733
Chandra Haimbaugh v. Florida Department of Health Citrus County Dept. of Health

Chandra Haimbaugh
7270 S Eastlake Drive
Floral City, FL 34436

Dear Ms. Haimbaugh:

The Commission hereby invites you to enter into a conciliation effort to resolve this matter. Please indicate on the bottom of this letter whether or not you wish to participate in the settlement of this matter. If you have any questions, please call me at (813) 202-7936 so that we can discuss the terms and conditions as necessary.

Please submit to this office to the attention of the undersigned no later than Fifteen (15) days from the date of this letter. Should we not hear from you by that time, we can only conclude that you do not wish to resolve this matter through the Commission's conciliation process, and the conciliation efforts will be deemed to have failed. The case will then be submitted to the Regional Attorney for further processing in accordance with the Commission's procedural regulations.

Your cooperation in resolving this matter is appreciated.

Sincerely,

*Christopher Griffin*
Investigator

I will____✓____, will not_____participate in the conciliation effort in this matter.

____2/19/21____          _____
**Date**                              **Signature**

cc: